Richard M. Garbarini (RG 5496)
GARBARINI FITZGERALD P.C.
250 Park Ave, 7th Floor
New York, New York 10177
Phone: (212) 300-5358
Fax: (888) 265-7054

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
CHARMING BEATS LLC,                          Case No.: 22-cv-2202

                Plaintiff,            **ECF CASE**

     v.                                       **COMPLAINT AND JURY DEMAND FOR DAMAGES FOR COPYRIGHT INFRINGEMENT**

BUZZFEED, INC., TOWNSQUARE MEDIA,
INC., GROUP NINE MEDIA, INC., GOOD
WORLDWIDE, INC., DAVLER MEDIA GROUP
LLC, OPEN CULTURE LLC, and CULTURE MAP
LLC,

                Defendants.
----------------------------------------------------------------x

       Plaintiff CHARMING BEATS LLC, by and through the undersigned counsel, brings this Amended Complaint and Jury Demand against defendants TOWNSQUARE MEDIA, INC., BUZZFEED, INC., GROUP NINE MEDIA, INC., GOOD WORLDWIDE, INC., DAVLER MEDIA GROUP LLC, OPEN CULTURE LLC, and CULTURE MAP LLC for damages based on copyright infringement and related claims pursuant to the Copyright Act and Copyright Revisions Act, 17 U.S.C. §§ 101, et seq. ("the Copyright Act" or "Act") and violations of the Digital Millennium Copyright Act, 17 U.S.C. §§ 1201-05 (the "DMCA"). Plaintiff alleges below, upon personal knowledge as to itself, and upon information and belief as to other matters so indicated.

## JURISDICTION AND VENUE

1. This Court has Subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1338(a) (jurisdiction over copyright actions).

## GENERAL AND SPECIFIC JURISDICTION

2. Defendant TOWNSQUARE MEDIA, INC. has a headquarters in Purchase, NY and this Court may exercise general jurisdiction over defendant TOWNSQUARE MEDIA, INC.

3. Defendant BUZZFEED, INC. has a headquarters in New York, NY and this Court may exercise general jurisdiction over defendant BUZZFEED, INC.

4. Defendant GROUP NINE MEDIA, INC. maintains a headquarters in New York, NY and this Court may exercise general jurisdiction over defendant GROUP NINE MEDIA, INC.

5. Defendant GOOD WORLDWIDE, INC. maintains a headquarters in New York, NY and this Court may exercise general jurisdiction over defendant GOOD WORLDWIDE, INC.

6. Defendant DAVLER MEDIA GROUP LLC maintains a headquarters in New York, NY and this Court may exercise general jurisdiction over defendant DAVLER MEDIA GROUP LLC.

7. Plaintiff is the exclusive owner of all rights to the copyrighted recording and composition *War on Christmas* (the "Copyrighted Track").

8. Defendants OPEN CULTURE LLC ("OPEN") and CULTURE MAP LLC ("CULTURE") are nondomiciliary residents of California and Texas.

9. Defendants OPEN and CULTURE, without a license or authority, publicly displayed and reproduced the Copyrighted Track in a video embedded in their websites titled "9-year-old discusses the meaning of life and the universe" (the "Infringing Video").

10. Defendants OPEN and CULTURE, without a license or authority, distributed the Infringing Video.

11. These are torts committed outside the state.

12. Defendants OPEN and CULTURE were put on notice of its infringing activity, but elected to continue to infringe after each notice.

13. Plaintiff was injured in New York State in multiple way.  Plaintiff lost the licensing revenue, owed to plaintiff in this State.  The association of the Copyrighted Track with a poor-quality video substantially impairs plaintiff's ability to license the Copyrighted Track to its New York based clientele.

14. Defendants OPEN and CULTURE were put on notice that their infringing activity was having consequences in this state.

15. Defendants elected to continue to infringe, knowing their actions would have consequences in this state.

16. The entire Copyrighted Track was used by defendants to promote their services and overall institution.

17. Jurisdiction is conferred to this Court over defendant pursuant to CPLR §§ 301 and 302(a)(3)(ii).

**VENUE**

18. At bar, a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.  Venue is proper pursuant to 28 U.S.C. § 1391(b)(1)-(3).

## DUE PROCESS

19. There are no due process concerns in light of the fact that defendants committed an intentional tort that it knew had an effect in this Judicial District.

## PARTIES

20. Plaintiff CHARMING BEATS LLC is a limited liability company organized under the laws of New York with a headquarters located at 75-10 197th St, 2nd Floor, Flushing, NY 11366.

21. Upon information and belief, defendant BUZZFEED, INC. ("BUZZ") is a corporation formed under the laws of Delaware with a headquarters 111 E 18th St., New York, NY 10003.

22. Upon information and belief, defendant TOWNSQUARE MEDIA, INC. ("TOWNSQUARE") is a corporation formed under the laws of Delaware with a headquarters located at 1 Manhattanville Rd, Suite 202, Purchase, NY 10577.

23. Upon information and belief, defendant GROUP NINE MEDIA, INC. ("OPEN") is a corporation formed under the laws of Delaware with a headquarters located at 568 Broadway, 10th Fl., New York, NY 10012.

24. Upon information and belief, defendant GOOD WORLDWIDE, INC. ("GOOD") is a corporation formed under the laws of Delaware with a headquarters located at 40 Court Street, Brooklyn, NY. GOOD can be served through Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

25. Upon information and belief, defendant DAVLER MEDIA GROUP LLC ("DAVLER") is a limited liability company formed under the law of Delaware with a headquarters located at 1501 Broadway, 12th Fl., New York, NY 10036.

26. Upon information and belief, defendant OPEN CULTURE, LLC ("OPEN") is a limited liability company formed under the law of Delaware with a headquarters located at 724 Leona Lane, Mountainview, CA 94040.

27. Upon information and belief, defendant CULTUREMAP LLC ("CULTURE") is a limited liability company formed under the law of Texas with a headquarters located at 2449 South Blvd., Suite #106, Houston, TX 77098.

## FACTS

28. Plaintiff is the sole owner by assignment of an original musical composition and recording titled *War on Christmas* – U.S. Copyright Registration No. SR 708-513. See **Exhibit 1.**

29. The two (and only) members of plaintiff are the sole authors of the Copyrighted Track.

30. Defendants own and operate media websites.

31. Third-party Zia Hassan created a video titled "9-year-old discusses the meaning of life and the universe".

32. Third-party Hassan then created a second video, with the same content, but the second video had an unlicensed synchronized copy of the Copyrighted Track (the "Infringing Video").

33. Without a license or authority, defendants elected to embed a reproduction of the Infringing Video in their respective websites.

34. Defendants allowed users to distribute the Infringing Video, without license or authority, over social media and by email.

35. The Copyrighted Track was synchronized, without license or authority, to the Infringing Video.

36. Each of the defendants elected to embed the Infringing Video rather than the non-infringing video with the same content but without an unlicensed synchronized reproduction of the Copyrighted Track.

37. The unlicensed synchronized reproduction of the Copyrighted Track was totally unnecessary to discuss the content of the subject video.

38. Each of the defendants elected to use the Infringing Video for the sole reason that unlicensed copy of the Copyrighted Track provided much greater commercial appeal.

39. Defendant OPEN embedded the Infringing Video in its website located at <www.openculture.com/2013/03/9-year-old_philosopher_ponders_the_meaning_of_life_and_the_universe.html>.

40. Defendant BUZZ embedded the Infringing Video in its website located at <https://www.huffpost.com/entry/meaning-of-life-defined-b_b_12865252>.

41. Defendant GOOD embedded the Infringing Video in its website located at <https://www.upworthy.com/this-9-year-old-has-blown-away-the-minds-of-millions-will-you-be-next>.

42. Defendant DAVLER embedded the Infringing Video in its website located at <https://www.nymetroparents.com/article/weekly-web-round-up-week-of-april-5-2013>.

43. Defendant CULTURE embedded the Infringing Video in its website located at <https://dallas.culturemap.com/news/entertainment/03-30-13-entertainment-creepy-easter-bunny-photos-9-year-old-socrates-tiger-woods-nike-ad-brittney-griner-dunks/>.

44. Defendant TOWNSQUARE embedded the Infringing Video in its website located at <https://TSQ107.com/nine-year-old-discusses-meaning-of-life-and-the-universe-video/>.

45. Defendant GROUP NINE embedded the Infringing Video in its website located <https://www.popsugar.com/family/9-Year-Old-Shares-Life-Philosophy-Video-28917225>.

46. At no time did the defendants have the right to exploit the Copyrighted Track in any manner.

47. Defendants infringed plaintiff's rights to the Copyright Track as set forth in 17 U.S.C. 106.

48. On or about February 28, 2022, plaintiff, through counsel, served a demand to cease-and-desist on defendants TOWNSQUARE, BUZZFEED, OPEN, and CULTURE. See **Exhibit 2**.

49. To avoid litigation, defendants TOWNSQUARE, BUZZFEED, OPEN, and CULTURE were instructed to cease-and-desist and contact plaintiff's counsel.

50. Defendants TOWNSQUARE, BUZZFEED, OPEN, and CULTURE elected litigation over compliance with their legal obligations.

51. On the date of this Complaint, defendants CULTURE and OPEN continue to publicly display the Infringing Video.

52. Defendants TOWNSQUARE, BUZZFEED, OPEN, and CULTURE infringed plaintiff's exclusive rights as set forth in Section 106 of the Act and their lack of any good-faith basis to exploit the Copyrighted Track, the knowledge of the infringement, and their failure to comply with multiple notices, entitles plaintiff to an enhanced statutory damage award against each defendant as set forth in Section 504(c)(3) of the Act.

53. Defendants GROUP NINE, GOOD, and DAVLER embedded the Infringing Video and allowed the distribution of the Infringing Video without a good faith basis that each defendant had the right to the content in the Infringing Video.

54. Defendants GROUP NINE, GOOD, and DAVLER infringed plaintiff's exclusive rights as set forth in Section 106 of the Act and their lack of any good-faith basis to exploit the Copyrighted Track entitles plaintiff to an enhanced statutory damage award against each defendant as set forth in Section 504(c)(3) of the Act.

55. Defendants' acts of infringement demonstrate the callous disregard defendants have for its legal responsibilities, and only an award at the top of the statutory scale will serve to stop defendant from routinely violating the Copyright Act.

### DMCA VIOLATIONS

56. Defendants publicly displayed the Copyrighted Track with no information pertaining to the title, author, or owner of the Copyrighted Track (the "Copyright Management Information" or "CMI").

57. Defendants allowed the distribution of the Copyrighted Track no CMI.

58. Defendants violated 17 U.S.C. § 1202 – the DMCA. Plaintiff is entitled to up to $25,000 for each violation of the DMCA pursuant to Section 1203 of the DMCA.

### FIRST CLAIM FOR RELIEF
### COPYRIGHT INFRINGEMENT

59. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth here at length here.

60. It cannot be disputed that the plaintiff has a valid, registered copyright, and owns all rights to the Copyrighted Track.

61. Defendants without authority from plaintiff, reproduced, distributed, and publicly displayed plaintiff's Copyrighted Track in its entirety on their respective websites.

62. Defendants chose the Infringing Video over an identical non-infringing video for the sole purpose of commercial gain.

63. Defendants TOWNSQUARE, BUZZFEED, OPEN, and CULTURE refused to cease-and-desist after demand was made from plaintiff's counsel.

64. Defendants' use of the Copyrighted Track was not for criticism, comment, news reporting, teaching, scholarship, or research.

65. Defendants may have commented on the subject of the Infringing Video, but not the Copyrighted Track. Defendants could have chosen the identical non-infringing video for comment.

66. Defendants' use was not transformative.

67. As a direct and proximate result of defendants;' infringement of plaintiff's exclusive rights to the Copyrighted Tracks as set forth in Section 106 of the Act, plaintiff has incurred damages, and requests an award of defendants' profits in excess of plaintiff's compensatory damages, and plaintiff's compensatory damages, plus costs, interest, and reasonable attorneys' fees. Plaintiff may also elect to recover a statutory damage award pursuant to 17 U.S.C. § 504(c)(2) for willful infringement of up to $150,000, but not less than $30,000 plus costs, interest, and reasonable attorneys' fees.

**SECOND CLAIM FOR RELIEF**
**VIOLATION OF DMCA OF 1998, AS AMENDED,**
**17 U.S.C. §§ 1201, et seq**.

68. Plaintiff incorporates the allegations contained in the preceding paragraphs as if set forth at length here.

69. Plaintiff always distributes its copyrighted recordings, including the Copyrighted Track here, with CMI including the title, author, label, and copyright owner.

9

70. Defendants continued to publicly display the Infringing Video with no CMI after notice was served.

71. Defendants violated the DMCA each time they wrongfully distributed, or publicly displayed the Infringing Video with no CMI, and failed to correct the CMI after notice.

72. Defendants did the forgoing with the intent to conceal the infringement.

73. Plaintiff seeks award of statutory damages against each defendant for each violation of Section 1202 of the DMCA in the sum of $25,000.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for judgment against defendant, and awarding plaintiff as follows:

1. restitution of defendants' unlawful proceeds in excess of plaintiff's compensatory damages;

2. compensatory damages in an amount to be ascertained at trial;

3. statutory damages to plaintiff according to proof, including but not limited to all penalties authorized by the Copyright Act (17 U.S.C. §§ 504(c)(1), 504(c)(2));

4. an award of statutory damages for each violation by each defendant of the DMCA, 17 U.S.C. § 1202;

5. reasonable attorneys' fees and costs (17 U.S.C. § 505);

6. pre- and post-judgment interest to the extent allowable; and,

7. such other and further relief that the Court may deem just and proper.

Plaintiff hereby demands a trial by jury of all issues so triable.

Dated: March 3, 2022　　　　　　　　　　　**GARBARINI FITZGERALD P.C.**
　　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　By: *Richard M. Garbarini*
　　　　　　　　　　　　　　　　　　　　　　Richard M. Garbarini (RG 5496)