UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHARMING BEATS LLC, | Civil Action No.: 1:22-cv-2202 (RA) (SDA) |
| Plaintiff, | |
| -against- | |
| BUZZFEED, INC., TOWNSQUARE MEDIA, INC., GROUP NINE MEDIA, INC., GOOD WORLDWIDE, INC., DAVLER MEDIA GROUP LLC, OPEN CULTURE LLC and CULTURE MAP LLC, | |
| Defendants. | |

### DEFENDANT BUZZFEED, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

Nancy A. Del Pizzo
RIVKIN RADLER LLP
25 Main Street, Suite 501
Court Plaza North
Hackensack, New Jersey 07601
(201) 287-2460 (T)
(201) 489-0495 (F)

-and-

477 Madison Avenue
New York, New York 10022-5843

*Attorneys for Defendant,
BuzzFeed, Inc.*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................ 1

STATEMENT OF FACTS AND BRIEF PROCEDURAL HISTORY ....................................... 1

    I.    STANDARD OF REVIEW ................................................................................. 3

    II.    COPYRIGHT ACTIONS MUST BE FILED WITHIN THREE YEARS .......................... 4

    III.    THE DMCA PROVIDES BUZZFEED A SAFE HARBOR FOR BLOG POSTS AND PLAINTIFF FAILS TO ALLEGE RED-FLAG OR ACTUAL KNOWLEDGE ...................... 5

    IV.    AN EMBEDDED VIDEO IS NOT SUBJECT TO A COPYRIGHT CLAIM................... 6

    V.    PLAINTIFF'S 1202 CLAIM IS INSUFFICIENT............................................................ 7

        A.    Plaintiff Failed To Plead Double Scienter ................................................... 7

        B.    Plaintiff Failed To Plead That BuzzFeed Provided "False" CMI................. 7

        C.    Plaintiff Failed To Plead Facts To Support A 1202(b) Claim ....................... 9

    VI.    IF THE COURT DOES NOT DISMISS THE COMPLAINT, THEN BUZZFEED SEEKS DISMISSAL OF PLAINTIFF'S CLAIMS FOR STATUTORY DAMAGES, ATTORNEYS' FEES AND COSTS ................................................................................. 9

CONCLUSION............................................................................................................................ 11

## TABLE OF AUTHORITIES

Page(s)

**Federal Cases**

*Capital Records, LLC v. Vimeo, LLC*,
    826 F.3d 78 (2d Cir. 2016), *cert. denied*, 137 S.Ct. 1374 (2017) ............................................5

*Capital Records, LLC v. Vimeo, LLC*,
    No. 09-cv-10101, 09-cv-10105 (RA), 2018 WL 1634123 (S.D.N.Y. March 31,
    2018) ..........................................................................................................................................5

*Capitol Records, Inc. v. MP3Tunes, LLC*,
    821 F.Supp.2d 627 (S.D.N.Y. 2011) ......................................................................................5, 6

*Capitol Records, LLC v ReDigi Inc.*,
    934 F.Supp.2d 640 (S.D.N.Y. 2013) ..........................................................................................6

*Edwards v. Raymond*,
    22 F.Supp.3d 293 (S.D.N.Y. 2014) ............................................................................................3

*EsNtion Records, Inc. v. Triton TM, Inc.*,
    No.: 3:07-cv-2027, 2009 WL 3805827 (N.D. Tex. Nov. 13, 2009) .........................................10

*Fischer v. Forrest*,
    286 F.Supp.3d 590 (S.D.N.Y. 2018) ..........................................................................................8

*Flava Works, Inc. v. Gunter*,
    689 F.3d 754 (7th Cir. 2012) ......................................................................................................6

*Global Network Commc'ns, Inc. v. City of New York*,
    458 F.3d 150 (2d Cir. 2006) .......................................................................................................3

*Granger v Assocs. Abstract, LLC*,
    No. 09-cv-510, 2010 WL 11692440 (D.N.J. April 6, 2010) ....................................................10

*Grecco Prods. v. Alamy*,
    372 F.Supp.3d 131 (E.D.N.Y. 2019) ..........................................................................................7

*Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC*,
    399 F.Supp.3d 120 (S.D.N.Y. 2019) ..........................................................................................9

*Krechmer v. Tantaros*,
    747 F.Appx.6 (2d Cir. 2018) ......................................................................................................7

*Laser Kitten, LLC v. Marc Jacobs Int'l*,
    LLC, No. 17-cv-8613, 2018 WL 4830091 (S.D.N.Y. Oct. 4, 2018) ......................................7, 8

*McDonald v. West*,
   138 F.Supp.3d 448 (S.D.N.Y. 2015), *aff'd*, 669 F. App'x 59 (2d Cir. 2016)..........................3

*MyPlayCity, Inc. v. Conduit Ltd.*,
   No. 10-cv-1615 (CM), 2012 WL 1107648 (S.D.N.Y. March 30, 2012) ...................................6

*Newton v. Penguin/Berkley Publ'g USA*,
   No. 13-cv-1283, 2014 WL 505191 (S.D.N.Y. Jan. 28, 2014) (J. McMahon) ..........................4

*Papazian v. Sony Music Entm't*,
   No. 16-cv-07911, 2017 WL 4339662 (S.D.N.Y. Sept. 28, 2017) ......................................9, 10

*Pearson Educ., Inc. v. Ishayev*,
   963 F.Supp.2d 239 (S.D.N.Y. 2013)..........................................................................................6

*Perfect 10, Inc. v. Amazon.com, Inc.*,
   508 F.3d 1146 (9th Cir. 2007) ..................................................................................................6

*Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*,
   602 F.3d 57 (2d Cir. 2010).....................................................................................................3, 4

*Psihoyos v. John Wiley & Sons, Inc.*,
   748 F.3d 120 (2d Cir. 2014).......................................................................................................4

*Rotkiske v. Klemm*,
   140 S.Ct. 355 (2019).................................................................................................................4

*RSM Prod. Corp. v. Fridman*,
   643 F.Supp.2d 382 (S.D.N.Y. 2009).........................................................................................3

*Samuels v. Air Transp. Local 504*,
   992 F.2d 12 (2d Cir. 1993)........................................................................................................3

*Sohm v. Scholastic Inc.*,
   959 F.3d 39 (2nd Cir. 2020)...................................................................................................4, 9

*Trachtenberg v. Dep't of Educ.*,
   937 F.Supp.2d 460 (S.D.N.Y. 2013).........................................................................................3

*Warner Bros. Inc. v. Am. Broad. Co*s.,
   720 F.2d 231 (2d Cir. 1983)......................................................................................................4

*Williams v. A&E Television Networks*,
   122 F.Supp.3d 157 (S.D.N.Y. 2015).........................................................................................3

*Wolstenholme v. Hirst*,
   271 F.Supp.3d 625 (S.D.N.Y. 2017).........................................................................................1

**Federal Statutes**

17 U.S.C. § 504(b) ...........................................................................................................................4

17 U.S.C. § 512(c)(1).......................................................................................................................5

17 U.S.C. § 1201............................................................................................................................10

17 U.S.C. § 1202................................................................................................................... *passim*

**PRELIMINARY STATEMENT**

Defendant, BuzzFeed, Inc. ("BuzzFeed"), respectfully submits this memorandum of law in support of its motion pursuant to Fed. R. Civ. P. 12(b)(6), seeking dismissal with prejudice of the Complaint ("Complaint"), or in the alternative, for summary judgment under Fed. R. Civ. P. 12(d). The alleged use is time-barred and otherwise not actionable against BuzzFeed due to the safe harbor of the Digital Millennium Copyright Act of 1998 ("DMCA"), and failure of Plaintiff to allege actual and/or red-flag notice, and Plaintiff failed to sufficiently plead its DMCA 1202 claims for a copyright management information ("CMI") violation. Thus, there is no claim, and the Complaint should be dismissed as to defendant BuzzFeed. Should the Court allow any of Plaintiff's claims to proceed (which it should not), BuzzFeed asks that the Court dismiss the claim for statutory damages and attorneys' fees and costs, which Plaintiff is unable to recover as a matter of law.

**STATEMENT OF FACTS AND BRIEF PROCEDURAL HISTORY**[1]

On March 17, 2022, plaintiff, Charming Beats LLC ("Plaintiff"), filed a two-count complaint, First Claim for "Copyright Infringement" of a video and Second Claim for violation of DMCA under section 1202 (though it is not clear whether this claim is under section (a) or (b)) against BuzzFeed, Townsquare Media, Inc., Group Nine Media, Inc., Good Worldwide, Inc., Davler Media Group LLC, Open Culture LLC and Culture Map LLC. (D.E. 1). Plaintiff claims statutory damages and attorneys' fees and costs in its Prayer for Relief, alleging that it is the owner by assignment of a musical composition and recording titled *War on Christmas* that was registered by the U.S. Copyright Office under Registration No. SR 708-513 on behalf of Yesh Music LLC.

---

[1] BuzzFeed accepts the facts (not the legal conclusions) in the complaint as true only for purposes of this motion. *See Wolstenholme v. Hirst*, 271 F.Supp.3d 625, 633 (S.D.N.Y. 2017).

1

(D.E. 1, ¶ 28, Ex. 1). On March 24, 2022, BuzzFeed waived service of the summons, making its response to the Complaint due by Monday, May 23, 2022.²

In paragraph 40 of the Complaint, Plaintiff alleged that BuzzFeed "embedded the infringing video on a blog located at https://ww.huffpost.com/entry/meaning-of-life-defined-b_b_12865252, but that URL is not a BuzzFeed operated website, but rather, is a blog post by a person named Carol Ruth Weber of www.weberlifedesign.com, which blog she posted on November 8, 2016 at www.huffpost.com. (D.E. 1, ¶ 40, Ex. 2). Ms. Weber allegedly embedded on her blog the alleged infringed video from a YouTube public post by someone named Zia Hassan, who Ms. Weber credited on her blog post. (Declaration of Nancy A. Del Pizzo, Ex. A).

In its second claim, Plaintiff alleges a 17 U.S.C. § 1202 violation, alleging that defendants displayed the video without including copyright management information ("CMI"), but Plaintiff fails to identify what CMI is not displayed on the video as to BuzzFeed and fails to assert other required elements of a claim for violation of 1202(a) and/or (b). (*See* D.E. 1, ¶¶ 56-58, 68-73). Plaintiff asserts that it "always distributes its copyright recordings . . . with CMI including the title, author, label and copyright owner," but fails to state what the CMI is for the alleged infringed video and/or show a representative sample of the purported CMI used for the alleged infringed video. (D.E. 1, ¶¶ 68-73). In all events, because Plaintiff has no infringement claim (§ 505) against BuzzFeed, it also has no § 1202 claim.

Finally, Plaintiff asserts a claim for statutory damages and attorneys' fees and costs, which are not available to Plaintiff regardless of whether the Court denies this motion to dismiss the Complaint because the alleged infringement occurred in 2016 – nearly six years prior to the filing of the Complaint.

---

² At the time of this motion, Plaintiff had not filed BuzzFeed's signed Waiver of the Service of Summons.

I.   **STANDARD OF REVIEW**

To survive a Fed. R. Civ. P. 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Trachtenberg v. Dep't of Educ.*, 937 F.Supp.2d 460, 465 (S.D.N.Y. 2013). On a motion to dismiss, such as here, the Court may consider "documents attached as exhibits or incorporated by reference in the pleading and matters of which judicial notice may be taken." *See Global Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 156-57 (2d Cir. 2006); *see also Samuels v. Air Transp. Local 504*, 992 F.2d 12, 15 (2d Cir. 1993).

Specifically, in copyright matters, while the Court must accept the factual allegations in the Complaint as true and draw reasonable inferences in favor of a plaintiff, it need not credit plaintiff's characterization of the alleged infringing work.  *Peter F. Gaito Architecture, LLC v. Simone Dev. Corp.*, 602 F.3d 57, 64 (2d Cir. 2010) ("the works themselves supersede and control contrary descriptions of them, including any contrary allegations, conclusions or descriptions of the works contained in the pleadings") (citations omitted); *see also RSM Prod. Corp. v. Fridman*, 643 F.Supp.2d 382, 394 (S.D.N.Y. 2009) ("When assessing the legal sufficiency of a complaint, 'a court need not accord 'legal conclusions, deductions or opinions couched as factual allegations . . . a presumption of truthfulness.'") (citation omitted).

Thus, this Court may consider the alleged infringed video on this motion to dismiss because it is incorporated by reference in the Complaint. *See, e.g., McDonald v. West,* 138 F.Supp.3d 448, 453 (S.D.N.Y. 2015), *aff'd*, 669 F. App'x 59, 60-1 (2d Cir. 2016); *Williams v. A&E Television Networks*, 122 F.Supp.3d 157, 159, n.1 (S.D.N.Y. 2015); *Edwards v. Raymond*, 22 F.Supp.3d 293, 297 (S.D.N.Y. 2014); (*see also,* Del Pizzo Decl., Exhibit A, ¶ 18).  Similarly, the Court should not credit any of Plaintiff's characterizations of the video in the Complaint. See *RSM Prod.*, 643

3

F.Supp.2d at 394. Moreover, on this motion, the Court should review the alleged blog that embedded the video because this is what supersedes and controls Plaintiff's contrary descriptions. *See Peter F. Gaito Architecture,* 602 F.3d at 64. And, the Court is empowered to make a determination that there is no copyright liability on a motion to dismiss. *See Gaito*, 602 F.3d at 63 (quoting *Warner Bros. Inc. v. Am. Broad. Co*s., 720 F.2d 231, 240 (2d Cir. 1983)); *see also Newton v. Penguin/Berkley Publ'g USA*, No.: 13-cv-1283, 2014 WL 505191 (S.D.N.Y. Jan. 28, 2014) (dismissing Complaint on motion to dismiss, in part, on the basis that the alleged use was *de minimis*) (J. McMahon).

## II.    COPYRIGHT ACTIONS MUST BE FILED WITHIN THREE YEARS

There is a three-year statute of limitations for copyright infringement claims. *See, e.g., Psihoyos v. John Wiley & Sons, Inc.*, 748 F.3d 120, 124 (2d Cir. 2014); *see* 17 U.S.C. § 504(b) (copyright infringement actions must be filed within three years after claim accrued).[3] Plaintiff filed this lawsuit on March 17, 2022 and alleges the infringement as to BuzzFeed occurred in an

---

[3] Plaintiff has not alleged the discovery rule applies, which would have required an allegation about when Plaintiff first learned of the alleged 2016 infringement. In all events, that would be time-barred as well under the U.S. Supreme Court's decision in *Rotkiske v. Klemm*, 140 S.Ct. 355 (2019) (holding that a judicially created discovery rule [as there is with respect to the Copyright Act] is a "bad wine of recent vintage" that cannot be applied where Congress has not expressly provided for it because "Congress has enacted statutes that expressly . . . set[] limitations periods to run from the date on which the violation occurs or the date of such discovery."), which together with the Second Circuit's decision in *Sohm* strongly suggests that the discovery rule is wholly inapplicable in copyright infringement cases absent a claim of fraud. *Sohm v. Scholastic Inc.*, 959 F.3d 39, 50 (2nd Cir. 2020) is a copyright-infringement case argued before the decision in *Rotkiske*, but decided after it. There, the Court "decline[d] to alter this Circuit's precedent mandating use of the discovery rule . . . .". However, the Court merely referenced *Rotkiske* in a footnote, stating that *Rotkiske* "does not persuade us to depart from this holding." *Id*. at 50 n.2. Nonetheless, *Sohm* can be explained as falling within a line of cases narrowly applying the discovery rule as an exception where a defendant concealed evidence of infringement from a plaintiff because the Supreme Court still recognizes a fraud-specific discovery rule. *Rotkiske*, 140 S.Ct. at 361. And there is no claim of fraud here.

4

blog dated November 8, 2016. Thus, the claim was filed nearly six years after the alleged infringement, and is therefore time-barred.

**III.    THE DMCA PROVIDES BUZZFEED A SAFE HARBOR FOR BLOG POSTS AND PLAINTIFF FAILS TO ALLEGE RED-FLAG OR ACTUAL KNOWLEDGE**

The DMCA provides Internet service providers, such as BuzzFeed, "protection from liability for copyright infringement when their users upload infringing material on the service provider's site and the service provider is unaware of the infringement" as long as it meets certain requirements. *Capital Records, LLC v. Vimeo, LLC*, No. 09-cv-10101, 09-cv-10105 (RA), 2018 WL 1634123, at *1 (S.D.N.Y. March 31, 2018) (citing *Capital Records, LLC v. Vimeo, LLC*, 826 F.3d 78, 81 (2d Cir. 2016), *cert. denied*, 137 S.Ct. 1374 (2017)); *see also*, 17 U.S.C. § 512(c)(1). The requirements include that the service provider "(1) has a system for responding to takedown notices, (2) does not interfere with the copyright owners' ability to issue notices, and (3) under 'appropriate circumstances' terminates users who repeatedly or blatantly infringe copyrights." *See Capitol Records, Inc. v. MP3Tunes, LLC*, 821 F.Supp.2d 627, 637 (S.D.N.Y. 2011).

Although Plaintiff could have, and apparently did not, conduct reasonable due diligence before filing the Complaint by reviewing BuzzFeed's website terms of use and the online DMCA Designated Agent Directory to confirm that it (and HuffingtonPost.com) has such a system in place as well as a designated an agent with the U.S. Copyright Office to handle DMCA claims, BuzzFeed recognizes that those facts (which support its defense) are not present in the Complaint. Nonetheless, the Complaint as to BuzzFeed must be dismissed because a copyright infringement claim for a blog post such as here must assert that BuzzFeed had at least "red-flag knowledge" of the alleged infringement, which this Complaint fails to allege. *Id*. at *Capital Records*, 2018 WL 1634123 (RA), at *5 ("Thus, all such claims for which there is no allegation of at least red-flag knowledge are dismissed.").

**IV.     AN EMBEDDED VIDEO IS NOT SUBJECT TO A COPYRIGHT CLAIM**

At paragraphs 36 and 40 of the Complaint, Plaintiff alleges that BuzzFeed "embedded the Infringing Video," at www.huffpost.com, which means that Plaintiff could have at any time 'taken down' the Video from the blog post. In other words, Plaintiff controlled the server post linked to huffpost.com by embedding (to wit, by embedding, the Video was never on BuzzFeed's server, and at all times was in Plaintiff's control.) Plaintiff at all times has the ability to restrict embedding of its Video on any website: *See* https://support.google.com/youtube/answer/6301625?hl=en (last viewed on May 4, 2022).

Thus, there also is no infringement here because Plaintiff alleges BuzzFeed "embedded" the video, meaning it was never on BuzzFeed's server. *See MyPlayCity, Inc. v. Conduit Ltd.*, No. 10-cv-1615 (CM), 2012 WL 1107648, at *14 (S.D.N.Y. March 30, 2012) (no liability where work disseminated from server other than defendant's) (citing *Perfect 10, Inc. v. Amazon.com, Inc.*, 508 F.3d 1146, 1160 (9th Cir. 2007) (applying "server" test); *see Pearson Educ., Inc. v. Ishayev*, 963 F.Supp.2d 239 (S.D.N.Y. 2013) (hyperlinks not infringement); *Capitol Records, LLC v ReDigi Inc.*, 934 F.Supp.2d 640, 652 (S.D.N.Y. 2013) (infringement dependent on where work is hosted). *see also, Flava Works, Inc. v. Gunter*, 689 F.3d 754, 756 (7th Cir. 2012) (applying "server" test).

While there have been a couple of unreported Southern District of New York cases holding that the "server" test does not apply to circumvent copyright infringement, the Second Circuit has not yet opined on this issue as have the Ninth and Seventh Circuits. Also, as set forth above, this Court has held, in *Pearson, MyPlayCity* and *Capitol Records*, that alleged infringement by way of a link to a server other than that of defendant is not copyright infringement.  That is exactly what Plaintiff alleges here – that BuzzFeed embedded the video from Plaintiff's public Yahoo page (which means the video has always remained on Yahoo's server, not BuzzFeed's).

6

### V.  PLAINTIFF'S 1202 CLAIM IS INSUFFICIENT

Plaintiff's DMCA claim under section 1202 (her Third Claim for Relief) is not viable because it failed to plead necessary elements of a 1202 claim, whether under section (a) or (b).

### A.  Plaintiff Failed To Plead Double Scienter

A plaintiff is required to set forth a factual basis that the defendant be "intentional" and "knowing" in violating section 1202. *Krechmer v. Tantaros*, 747 F.Appx.6, 9 (2d Cir. 2018) (plaintiffs must plausibly allege that defendant "knowingly" violated 1202 and that "the defendant did so with the intent to induce, enable, facilitate or conceal and infringement"); *Grecco Prods. v. Alamy*, 372 F.Supp.3d 131 (E.D.N.Y. 2019) (same). The Second Circuit in *Krechmer* held that a 1202 claim must plead "this double scienter requirement." *Id*. at 10 (affirming dismissal of 1202 claim for failure to plead factual basis for scienter).

Plaintiff fails to reference any "knowing" violation of the DMCA and the only reference to "intent" is the conclusory statement "Defendants did the foregoing with the intent to conceal the infringement." (D.E. 1, at ¶¶ 56-58, 72).  And, there is no CMI associated with the alleged infringed video anywhere in the Complaint.

Thus, there are no facts to support the required scienter, and Plaintiff's Second Claim for Relief must be dismissed in its entirety.

### B.  Plaintiff Failed To Plead That BuzzFeed Provided "False" CMI

Further, to the extent Plaintiff claims a 1202(a) violation, it must be dismissed also because it is well settled that a necessary element of a 1202(a) claim is that the defendant provided "false" CMI, and the alleged infringing video here does not contain false CMI. *See Laser Kitten, LLC v. Marc Jacobs Int'l*, LLC, No.: 17-cv-8613, 2018 WL 4830091, at *2 (S.D.N.Y. Oct. 4, 2018) (dismissing 1202(a) claim for failing to allege defendant used false CMI). In analyzing a claim for

"false CMI" under 1202(a), courts examine whether the "information defendant provided in connection with the allegedly infringing work is CMI," and whether that "information was false." *Id*. at *3. Accordingly, the Court first must determine whether the plaintiff adequately plead that he provided information that meets the definition of CMI, that the CMI is conveyed in connection with copies or displays of the work, and the information is CMI under the statutory definition. *Id*. Then, the Court must analyze whether the alleged infringing work is accompanied with false CMI. *Id*.

> By statute, CMI is defined as:
>
> (1)   The title and other information identifying the work, including the information set forth on a notice of copyright. (2) The name of, and other identifying information about, the author of a work. (3) The name of, and other identifying information about, the copyright owner of the work, including the information set forth in a notice of copyright. (4) With the exception of public performances of works by radio and television broadcast stations, the name of, and other identifying information about, a performer whose performance is fixed in a work other than an audiovisual work. (5) With the exception of public performances of works by radio and television broadcast stations, in the case of an audiovisual work, the name of, and other identifying information about, a writer, performer, or director who is credited in the audiovisual work. (6) Terms and conditions for use of the work. (7) Identifying numbers or symbols referring to such information or links to such information. (8) Such other information as the Register of Copyrights may prescribe by regulation, except that the Register of Copyrights may not require the provision of any information concerning the user of a copyrighted work.

*See* 17 U.S.C. § 1202(c); *Fischer v. Forrest*, 286 F.Supp.3d 590, 610-11 (S.D.N.Y. 2018) ("CMI exists to inform the public that a work is copyrighted and by whom").

Here, Plaintiff alleges BuzzFeed "display[ed] the infringing video with no CMI…" Thus, to the extent Plaintiff intended to alleged 1202(a) false CMI claim, its claim is insufficient because there must be an allegation of false CMI to sustain such a claim. *See Laser Kitten*, 2018 WL 4830091, at *2.

8

### C. Plaintiff Failed To Plead Facts To Support A 1202(b) Claim

To the extent Plaintiff claims a 1202(b) violation, alleged removal of CMI, that also must be dismissed. Plaintiff alleges that it uses CMI but fails to state what that CMI is, and fails to provide an exemplary video showing the purported CMI used on the video. Thus, there is no viable claim that CMI was removed, which is required under 1202(b) since there is no CMI on Plaintiff's video and/or identified in the Complaint.[4]

### VI. IF THE COURT DOES NOT DISMISS THE COMPLAINT, THEN BUZZFEED SEEKS DISMISSAL OF PLAINTIFF'S CLAIMS FOR STATUTORY DAMAGES, ATTORNEYS' FEES AND COSTS

It is well-recognized that copyright infringement claims dealing with alleged infringements occurring more than three years prior to the filing of the Complaint (even if there were a discovery rule) are not subject to statutory damages and/or attorneys' fees at all under any circumstances. *See Sohm v. Scholastic Inc.*, 959 F.3d 39, 52 (2d Cir. 2020) (determining that the U.S. Supreme Court "explicitly dissociated the Copyright Act's statute of limitations from its time limit on damages"); *see also Jose Luis Pelaez, Inc. v. McGraw-Hill Global Educ. Holdings LLC*, 399 F.Supp.3d 120, 136 (S.D.N.Y. 2019) (no recovery of "statutory damages based on infringement that occurred more than three years prior to the filing of complaint); *Papazian v. Sony Music Entm't*, No. 16-cv-07911, 2017 WL 4339662, at *6 (S.D.N.Y. Sept. 28, 2017) ("[t]he most straightforward interpretation of *Petrella*" ... is that . . . statutory damages . . . are not "permitted for infringing acts occurring more than three years prior to suit").

---

[4] Plaintiff's conclusory statement in paragraph 69 of the Complaint that it "always distributes its copyright recordings . . . with CMI including the title, author, label and copyright owner" is belied by the fact that it fails to include an example to show the purported use of CMI with the video anywhere in the Complaint or identify what the missing "title, author, label" etc. is.

In fact, this Court held that a copyright infringement plaintiff alleging infringement more than three years prior to the filing of the Complaint is not entitled to <u>any</u> monetary damages and only can obtain an injunction, making this Complaint moot since the video has been long removed (by the alleged copyright holder presumably, as it is now marked "private"). *See Papazian*, 2017 WL 433962, at *5-7 (no monetary damages available to copyright infringement plaintiff where alleged infringement occurred more than three years prior to lawsuit).

Accordingly, Plaintiff is not entitled to statutory damages and/or legal fees for its section 505 claims.

Plaintiff's 1202 claims are not sustainable as set forth above. But, even if those claims were viable, which they are not, Plaintiff would not be entitled to statutory damages under 1202 as well as 505 because the bar applies to all copyright claims. *See, e.g., Granger v Assocs. Abstract, LLC,* No.: 09-cv-510, 2010 WL 11692440, at *5 (D.N.J. April 6, 2010) ("attempt to amend the complaint to seek statutory damages . . . for Defendants' alleged violation of 17 U.S.C. 1201 and 1202. .. is futile" because the bar "applies to any action under Title 17") (citing *EsNtion Records, Inc. v. Triton TM, Inc.*, No.: 3:07-cv-2027, 2009 WL 3805827, at *6 (N.D. Tex. Nov. 13, 2009).

Accordingly, if this Court does not dismiss the Complaint in its entirety, the Court should dismiss Plaintiff's claims for statutory damages and attorneys' fees because Plaintiff is not entitled to either.

## **CONCLUSION**

For the foregoing reasons, defendant, BuzzFeed, Inc., respectfully ask the Court to dismiss the Complaint in its entirety with prejudice for failure to state a claim under Fed. R. Civ. P. 12(b)(6), or in the alternative, for summary judgment under Fed. R. Civ. P. 12(d), and grant BuzzFeed its legal fees and costs under 17 U.S.C. § 505 and leave to file its affidavit of services for same.

Dated:  May 23, 2022                                     Respectfully,

                                               RIVKIN RADLER LLP

                                               By:          s/ Nancy A. Del Pizzo
                                                         Nancy A. Del Pizzo

                                               Nancy A. Del Pizzo
                                             RIVKIN RADLER LLP
                                             25 Main Street, Suite 501
                                             Court Plaza North
                                             Hackensack, New Jersey 07601
                                             (201) 287-2460 (T)
                                             (201) 489-0495 (F)

                                             -and-

                                             477 Madison Avenue
                                             New York, New York 10022-5843